DOWNEY, Judge.
Appellant, along with two co-defendants, Weisz and Fuller, was charged in a four count Information with drug related offenses. From a judgment and sentence based upon a plea of nolo contendere reserving the right to appeal, appellant seeks reversal predicated upon double jeopardy grounds.
After a jury was sworn and the trial commenced, the State indicated its intention to introduce certain statements made by appellant. Counsel for Weisz and Fuller argued that the statements were inadmissible against them but if they were to be introduced their cases should be severed from appellant’s case. During a lengthy colloquy between the court and counsel, appellant also moved for a severance, stating:
MR. SCHWARTZ: For the record, let me also move for a severance on behalf of the defendant Nelson if they intend to bring in statements of Weisz and Fuller to the detriment of defendant Nelson.
After making the foregoing motion further argument was had by all counsel. The *1267 court then asked appellant’s counsel if he had anything further to add. The response was: “I have no further argument on the severance, Your Honor.” The trial court then announced it would grant all-of the motions for severance, let Weisz remain the sole defendant in the pending trial, and continue the severed case of appellant and Fuller. Subsequent thereto the State nolle pressed the Information against appellant and Fuller and filed a new Information against them. The only difference between the new Information and the old one was the elimination of the conspiracy count, which the court had dismissed before the first trial started, and the elimination of Weisz as a co-defendant. Appellant moved to dismiss the new Information on various grounds, among them double jeopardy. The trial court denied said motion, appellant pled nolo, and from the judgment and sentence appellant perfected this appeal.
Appellant contends that his case was severed without his consent contrary to Florida Rule of Criminal Procedure 3.152(b)(1)(h) and, since the jury had already been sworn, jeopardy attached and he could not again be subjected to a prosecution on the offenses charged.
We have carefully considered appellant’s contention and argument in support thereof, but find it unconvincing. On the contrary, we hold that appellant moved for a severance and got it, thus it was consensual. Granted he moved for a severance if the State was going to offer appellant’s statements. But he allowed his motion for severance to remain viable throughout the colloquy between the court and counsel and, when called upon to comment further, he remained silent. When the court announced it would grant all of the motions for severance, counsel again remained silent. In the face of appellant’s motion and counsel’s subsequent silence it ill behooves appellant to now assert the severance of his case was without his consent.
Finally, the new Information filed had no change therein from the first Information that would in any way prejudice appellant.
Accordingly, we find no error demonstrated in the judgment appealed from.
AFFIRMED.
HURLEY, J., and SHARP, G. KENDALL, Associate Judge, concur.